### PLACENCIA'S HEIRS *vs.* PLACENCIA ET AL.

APPEAL FROM THE COURT OF PROBATES, FOR THE PARISH OF ASSUMPTION.

An act or instrument of writing purporting to be passed before a Spanish commandant, without the signatures of any witnesses or mention of any, will not be received as evidence of a donation or marriage contract.

In an action of partition between the forced heirs of the deceased mother and surviving father, a partition in nature must be effected, if practicable, before resorting to a sale.

The surviving partner of the community, has the right to have his half set out to him in nature, if it can be done.

This is an action of partition by the forced heirs of the deceased wife of Francisco Placencia, against the latter as surviving partner of the community, for one moiety thereof.

---

*Margin notes:* EASTERN DIST. June, 1835. PLACENCIA'S HEIRS *vs.* PLACENCIA ET AL

Eastern Dist.
June, 1835.

PLACENCIA'S
HEIRS
vs.
PLACENCIA ET AL

The defendant, Francisco Placencia, in his answer claimed, in virtue of a marriage contract passed before the Spanish commandant of Lafourche in 1793, a usufruct in all the property of the community for life ; that in said contract, a mutual donation was granted to the survivor, of the usufruct of all the property present and to come during his or her natural life, &c.

On the trial, the defendants' counsel offered in. evidence the marriage contract between the spouses to support the averments in the answer. The plaintiff objected to its being read in evidence.

1. Because the commandant simply signed his name, without the addition of his office as *ex officio* notary public.

2. There is no signatures to the act, except that of the commandant, and no mention that the parties did not know how to write.

3. Because there are no witnesses either mentioned in the act, or their signatures affixed thereto.

The objections were overruled and the document admitted for what it was worth. A bill of exceptions was taken to the opinion of the court.

The judge of Probates ordered an inventory and appraisement of the property of the community to be taken, and that it be sold in order to effect a partition, &c. The defendants appealed.

*Ilsley,* for the plaintiff.

1. The judge *a quo* erred in permitting the introduction of the document, purporting. to be a marriage contract between Francisco Placencia and Poulonne Simoneau as an authentic act for the reasons set forth in the bill of exceptions. See *Law* 58, *Partida* 3, *tit.* 18, *vol.* 2.

2. Admitting, for argument's sake, that the document is *authentic,* and clothed with the legal formalities, the donation in prospect of marriage could not exceed the disposable quantum, to the prejudice of forced heirs, (that is, one-tenth in full property,) neither under the Spanish law nor under the Code of 1808. See *Partida* 5, *tit.* 4, *law* 8. *New*

*Recop.*, book 5, title 2, laws 1 and 2. 2 *Louisiana Reports*, 538, and the authorities therein cited ; also, *Old Civil Code*, articles 222 and 224, page 256, and the subject of donations generally. And consequently defendants could not resist an inventory and sale in order to effect a partition of the property in community between F. Placencia and his children. *Old Civil Code*, article 156, page 184. *Louisiana Code*, articles 1214 and 1215.

EASTERN DIST.
June, 1835.

PLACENCIA'S
HEIRS
vs.
PLACENCIA ET AL

3. Should the act purporting to be a marriage contract be not *authentic*, as the appellants contend it is, it could not avail them as an act under private signature, as it would not correspond with the allegations in defendants' answer.

4. Indeed it cannot be considered as an act at all, because there are no signatures, either of the parties or witnesses, nor any declaration therein that the parties knew not how to write, formalities that must have been indispensably necessary, under the rigorous rules of the Spanish law relating to notarial acts.

5. Article 74, page 224, *Old Civil Code*, treats of the revocation or absolute nullity of donations between all persons, except by ascendants to the spouses, or by the spouses one to the other by the birth of children. Donations made by these latter are not *revocable*, but *reducible* only to the disposable quantum, and this is apparent by referring to article 26, page 213 and article 222, page 256 *Old Civil Code*. Under the Spanish law, donations thus made were *revocable*, if children were afterwards born. See 5 *Partida*, tit. 4, law 8.

6. The judgment of the court *a quo*, decreeing an inventory and sale, ought to be affirmed.

*Nicholls, contra.*

1. Judge *a quo* erred in rejecting marriage contract. It was clothed with all the formalities required by the existing law, or if informal, the court will overlook it, as an ancient record. It is tested by the necessary number of witnesses.

2. If the marriage contract be good, as to form, which appellant affirms it is, the dispositions contained in it are

EASTERN DIST.
June, 1835.

PLACENCIA'S
HEIRS
vs.
PLACENCIA ET AL

strictly legal, and did not exceed the power of the contracting parties.   *Old Civil Code, article* 74, *page* 224.

3. The Old Civil Code contains no new law ; it professes and is a compilation of the *pre-existing law*, and by the 74th article of *that* Code, the power of making donations is unlimited and unshackled.

4. Donation would, under no circumstances, be considered *null*.   It could only be reduced.   In the case of Mercer *vs.* Andrews, the wife came in contact with anterior creditors, and the contract originated in fraud ; here, no such creditors exist.

*Bullard, J.*, delivered the opinion of the court.

This is an action instituted by a part of the children of Francisco Placencia and Françoise Poulonne Simoneau, his wife, lately deceased, against the surviving husband and father, together with the other children, with a view of compelling a partition of the effects of the community formerly existing, and the further partition among the children of the half belonging to them in the right of their mother.

An act or instrument of writing purporting to be passed before a Spanish commandant, without the signatures of any witnesses, or mention of any, will not be received as evidence of a donation or marriage contract.

The defendant, Francisco Placencia, in answer alleges, that he is entitled during life to the usufruct of all the property composing the community, in virtue of a mutual donation, stipulated by marriage contract, in favor of the survivor.   In support of his pretensions he relies on an instrument which appears of record, purporting to be a marriage contract, passed before Don Nicholas Veret, commandant of Valenzuela, in Lafourche, in the year 1793. This instrument is not authenticated by the signatures of any witnesses, nor is mention made in the body of it of any witnesses.   All the parties sign by their ordinary marks, and the only signature susceptible of proof is that of the commandant.   We are therefore of opinion, the judge did not err in disregarding it as authentic evidence of a contract.

In an action of partition between the forced heirs of the deceased mother and surviving father, a partition in nature must be effected, if practicable, before resorting to a sale.

The Court of Probates gave judgment in favor of the plaintiffs, and ordered an inventory with appraisement, and subsequently a sale of all the property, for the purpose of

effecting a partition. This part of the judgment, we think, ought to be modified, because the sale must depend upon the fact that the property cannot be conveniently partaken in nature, which according to the Louisiana Code, must be made to appear by the report of experts. The surviving husband has also a right first to have his half set out to him in nature, if it can be done.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Court of Probates be affirmed, with costs; reserving however to the defendant, Francisco Placencia, the right of having his half set out to him in nature, if practicable, and that no sale take place unless it shall appear to be necessary according to law, and without prejudice to the rights of the tutors of the minor children.

EASTERN DIST.
June, 1835.

The surviving partner of the community, has the right to have his half set out to him in nature, if it can be done.